**NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

_____

No. 16-1145
_____

UNITED STATES OF AMERICA

v.

RALPH MILLER,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-11-cr-00493-001)
District Judge:  Honorable Cynthia M. Rufe

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on February 10, 2017

Before:  MCKEE, RENDELL, and FUENTES, Circuit Judges

(Opinion filed: June 6, 2017)

_____

O P I N I O N*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, Circuit Judge

In 2015, Ralph Miller was convicted of money laundering and mail fraud, and aiding and abetting both offenses, as a result of insurance claims he filed for damages to his theatre businesses. In 2016, he was sentenced for that conviction. Miller raises two issues on appeal: one related to the sufficiency of the evidence supporting his conviction, and another related to a violation of his allocution rights at sentencing. We will uphold Miller's conviction, but vacate for re-sentencing in light of *United States v. Moreno*, 809 F.3d 766 (3d Cir. 2016).

*I. Sufficiency of the Evidence*

Miller claims there was not sufficient evidence to convict him of (1) money laundering, related to a 2006 flood insurance claim, and (2) mail fraud, related to a 2009 fire and theft insurance claim.[1] Miller did not move for a judgment of acquittal based on the sufficiency of the evidence at the District Court.[2] Thus, we review his claim for plain error. *United States v. Wolfe*, 245 F.3d 257, 260–61 (3d Cir. 2001).

Even when a defendant makes a motion for judgment of acquittal based on the sufficiency of the evidence in the District Court, our standard of review is demanding: we ask if *any* rational trier of fact could have found guilt beyond a reasonable doubt based on

---

[1] The district court had subject matter jurisdiction under 18 § U.S.C. 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[2] Miller argues on appeal that he preserved his sufficiency of the evidence challenge by a Fed. R. Crim. Pro. 29 motion for judgment of acquittal at trial. But, as Miller himself concedes, his motion did not object to sufficiency of the evidence related to intent to defraud, which is at issue in this appeal. Instead, he raised this motion on a different ground: that "the government did not prove that [Miller] benefited from the fraud." *Appellant's Brief* at 3; J.A. 1409–13.

the evidence, viewed in the light most favorable to the government. *See United States v. Lore*, 430 F.3d 190, 203–04 (3d Cir. 2005). But when, as here, the defendant has not made such a motion below, our standard for reviewing the verdict is even more deferential: we will reverse only if the verdict "constitutes a fundamental miscarriage of justice." *United States v. Gordon*, 290 F.3d 539, 547 (3d Cir. 2002) (quoting *United States v. Thayer*, 201 F.3d 214, 219 (3d Cir. 1999)). Under either standard of review, there was more than sufficient evidence to convict Miller.

Miller first argues that the government failed to establish the elements of necessary for conviction of wire fraud,[3] which was an element of the money laundering charge against him.[4] In short, he claims that there was insufficient evidence to prove that he intended to defraud anybody. Although Miller admits that there were errors in insurance submissions related to a 2006 flood, he asserts that these errors were simply mistakes resulting from the hasty preparation of his claim.

---

[3] For the jury to find that Miller committed wire fraud, the government was required to prove beyond a reasonable doubt that Miller (1) knowingly and willfully devised a scheme to defraud or obtain money or property by materially false or fraudulent pretenses, representations, or promises, or attempted to do so; (2) acted with intent to defraud; and (3) that in advancing, furthering, or carrying out the scheme, Miller transmitted, or caused the transmission of, any writing, signal, or sound by means of a wire, radio, or television communication in interstate or foreign commerce. *See* 18 U.S.C. § 1343; *United States v. Hedaithy*, 392 F.3d 580, 590 (3d Cir. 2004).

[4] Under the relevant money laundering statute, 18 U.S.C. § 1957, the government had to prove (1) Miller engaged or attempted to engage in a monetary transaction in or affecting interstate commerce; (2) the monetary transaction involved criminally derived property of a value greater than $10,000; (3) the property was derived from *specified unlawful activity*; (4) Miller acted knowingly; and (5) the transaction took place in the United States. *See United States v. Sokolow*, 91 F.3d 396, 407–08 (3d Cir. 1996). The "unlawful activity" at issue was Miller's alleged wire fraud. J.A. 1460–63.

3

But the jury was free to find intent to defraud based on the evidence before it: conflicting statements Miller had given regarding damage to stage lights, and the sheer number of items included in the claim that were not in fact damaged. While Miller suggests that he was an innocent, although negligent, bystander in the claims process, Miller's handwritten notations on loss summary reports provided a basis for finding otherwise. App. 733, 1971–86.

Faced with this evidence, a rational jury could easily have found that the Government proved the elements of wire fraud, and, in turn, money laundering. *See United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424, 430 (3d Cir. 2013). It follows, then, that his conviction is far from a "fundamental miscarriage of justice," *Gordon*, 290 F.3d at 547, such that we would disturb the verdict.

With respect to the fire insurance claim, Miller presents a variation on the same argument: he claims that he, or his agents, simply made mistakes, and thus he could not be convicted of mail fraud,[5] as he lacked intent to defraud. But so, too, here, significant evidence supported the jury's conclusion that Miller was in fact guilty: multiple claims for items that had never been damaged, and claims for items that in fact had never been installed. Although Miller argues that he was simply cooperating with those handling his claim, the jury heard testimony suggesting that Miller personally reviewed and made

---

[5] To find that Miller committed mail fraud, the Government had to prove that (1) Miller knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, or promises or attempted to do so; (2) acted with intent to defraud; and (3) in advancing, furthering, or carrying out the scheme, used mails or caused mails to be used. *See* 18 U.S.C. § 1341; *Hedaithy*, 392 F.3d at 590.

changes to insurance submissions. App. 1167–78, 2346. In sum: the jury had more than enough evidence to convict Miller, and we will not substitute our judgment for theirs.

*II. Allocution*

Miller claims the District Court violated his rights of allocution at sentencing. As he did not raise this challenge below, we review for plain error. *Moreno*, 809 F.3d at 773.[6] In *Moreno*, we announced that the prosecution should not be allowed to cross-examine a defendant during allocution, and that doing so violated a defendant's allocution rights. *Id.* at 779. Six days after we decided *Moreno*, the District Court judge invited the prosecution to examine Miller during his allocution. Although the prosecution asked only three brief questions on a matter of subsidiary importance, we must vacate for re-sentencing. In *Moreno* we stated that "a defendant is automatically entitled to resentencing if the trial court violates the defendant's right of allocution." *Id.* at 780 (quoting *United States v. Adams*, 252 F.3d 276, 281 (3d Cir. 2001)). Because the trial court violated Miller's rights of allocution, we vacate for resentencing.[7]

---

[6] We will find plain error where there is (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Tai*, 750 F.3d 309, 313–14 (3d Cir. 2014).

[7] Miller also challenges the District Court judge's questioning of Miller at sentencing. But neither *Moreno* nor any of our other cases has held that questioning similar to the District Court judge's violates allocution rights. Indeed, the questioning in this case occurred after Miller concluded his allocution statement. Thus, we vacate on the grounds of the prosecution's cross-examination alone.

5